UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jesse Rowland, | Case No. 22-cv-1692 (PAM/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Forensic Mental Health Program (FMHP), MSH, | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Jesse Rowland's various filings, including his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). [Docket No. 1].

Petitioner Jesse Rowland filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking relief from his state-court civil commitment order. [Docket No. 1]. Rowland also filed (1) a motion for extension of brief length limitations, [Docket No. 2]; (2) a motion for an order allowing for a single copy of the petition and related documents to be mailed to the U.S. Appeals Court, [Docket No. 3]; (3) application to proceed in forma pauperis (IFP), [Docket No. 6], with an accompanying affidavit in support of the IFP application, [Docket No. 7]; (4) a notice of motion and motion to substitute an amended petition, [Docket No. 11]; (5) an amended petition, [Docket No. 12]; and (6) a second application to proceed IFP. [Docket No. 13].

Pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts the undersigned conducted a preliminary review of the Petition and concluded that there was reason to believe that Rowland had not first exhausted state court remedies as required pursuant to 28 U.S.C. § 2254(b)(1)(A). Accordingly, this Court ordered Rowland to show cause

why his Petition for habeas corpus relief should not be dismissed without prejudice for failure to exhaust state remedies. (See Order [Docket No. 15]).

In response to the Order to show cause, Rowland has submitted several additional pleadings and exhibits with the Court, including: (1) a response to the order to show cause purporting to explain why this Court should not dismiss the petition for failure to first exhaust state court remedies, [Docket No. 16]; (2) a motion to appoint counsel, [Docket No. 17]; (3) a motion for extension of time, [Docket No. 19]; (4) a second motion to appoint counsel, [Docket No. 20], which appears to be a duplicate of his first motion to appoint counsel, [Docket No. 17]; (5) a second response to this Court's Order to show cause, [Docket No. 21], which appears to be largely a duplicate of his first response, [Docket No. 16]; (6) a notice of motion and motion seeking an evidentiary hearing in federal court, [Docket No. 23]; (7) a letter to the Court about his limited access to legal resources at MSH/FMHP, [Docket No. 24]; (8) a notice of motion and motion asking to be transferred from MSH/FMHP to a different facility, for the above-captioned matter to be postponed until such a transfer can take place, and for additional relief, [Docket No. 25]; (9) a second notice of motion and motion, [Docket No. 26], setting forth substantially similar claims for relief as Docket No. 25; (10) a document purporting to contain additional argument in response to the Court's Order to show cause, [Docket No. 27]; (11) paperwork detailing Rowland's efforts to obtain a flash drive from MSH/FMHP, [Docket No. 28]; (12) a motion asking to be transferred from MSH/FMHP to federal prison or another facility, for his case materials to be returned to him, for this matter to be "postponed" until such a transfer, and for other relief. [Docket No. 30].

Because Rowland has responded to the Court's order to show cause, this matter is now again before the Court for review pursuant to Rule 4 of The Rules Governing Section 2254 in the United States District Courts. Upon that review, this Court concludes that Rowland's federal

habeas claims are either not cognizable as habeas claims, time-barred, or unexhausted. Accordingly, this Court recommends that his Petition be denied without prejudice.

## I.     Background

In late 2010, Rowland stopped taking his prescribed psychotropic medication and began to experience auditory hallucinations. In re the Matter of the Commitment of Rowland, A20-1546, 2021 WL 3136397, at *1 (Minn. Ct. App. July 21, 2021). On November 17, 2010, Rowland entered his brother's bedroom where he was sleeping with his then-girlfriend, Kayla Manthy, and Rowland threatened to kill them with a knife if they did not make the voices stop. Id. Rowland gestured the knife towards the Ms. Manthy's chest area and reportedly later told the court-appointed examiner that "he held the knife to his brother's neck." Id.[1]

Rowland was charged with multiple assault offenses and with making threats of violence as a result of this incident. Id. While the criminal charges were pending, Mille Lacs County petitioned the state district court to civilly commit Rowland as mentally ill and dangerous. Id. The state district court preliminarily ordered that Rowland be civilly committed in late November 2010. Id. After an evidentiary hearing in February 2011, the court ordered Rowland be civilly committed for an indeterminate period as mentally ill and dangerous (MI&D), citing, in part, the report that Rowland allegedly told the court-appointed examiner that he held the knife to his brother's throat as evidence of dangerousness. In Re Matter of the Civil Commitment of Rowland, Case No. 48-PR-10-2629, MI&D Indefinite Commitment Order (Mille Lacs Cnty. Dist. Ct., Mar. 2, 2011). Rowland did not appeal the state district court's order committing him as mentally ill and

---

[1] Rowland disputes the reports that he held a knife to his brother's throat and that he held the knife to his brother's girlfriend's chest. (See Amended Petition [Docket No. 12] at 4). He contends that absent this allegedly inaccurate information, the state district court could not have committed him as mentally ill and dangerous as a matter of law. (See Amended Petition [Docket No. 12] at 4).

dangerous. The state later dismissed the underlying criminal charges. In re Matter of the Civil Commitment of Rowland, A20-1546, 2021 WL 3136397, at *1 n.1 (Minn. Ct. App. July 26, 2021).

In October 2020—almost nine years after he was first committed—Rowland filed a notice of motion and motion pursuant to Rule 60.02 of the Minnesota Rules of Civil Procedure ("Rule 60.02 motion") in the state district court challenging the basis for his initial commitment, arguing "he had discovered new evidence that undermined the factual allegations that led to his commitment and that he received ineffective assistance of counsel." Id. The district court denied the motion. Id. Rowland appealed this denial, and the Minnesota Court of Appeals affirmed. Id. at *4. Rowland petitioned for further review, but the Minnesota Supreme Court ultimately dismissed the petition as untimely. In the Matter of the Civil Commitment of Rowland, A20-1546, Order (Minn. Nov. 9, 2021).

Throughout his commitment, Rowland has also petitioned the Special Review Board (SRB) for provisional or full discharge from his commitment no fewer than five times. In re Matter of the Civil Commitment of Rowland, A20-1546, 2021 WL 3136397, at *3 (Minn. Ct. App. July 26, 2021). Most recently, Rowland petitioned the SRB for a reduction in custody in November 2020. See In re the Matter of the Civil Commitment of Rowland, AP21-9051, Order, at *3 (Commitment Appeal Panel, July 18, 2022). The SRB ultimately recommended denying Rowland's petition and his request for transfer to a less restrictive treatment facility. Id. Rowland petitioned the commitment appeal panel (CAP) for rehearing and reconsideration on the petition. Id. The CAP held a hearing on the petition on March 4, 2022, and June 2, 2022, before issuing an order on July 18, 2022, denying the petition. Id. at *2. Rowland filed a notice of appeal of the CAP order to the Minnesota Court of Appeals on August 3, 2022. See In re the Matter of the Civil Commitment of Rowland, AP21-9051, Notice of Appeal (Minn. Ct. App. Aug. 3, 2022). The

4

publicly accessible Minnesota state court record system shows that this appeal remains in the briefing stage and will not be submitted to a court of appeals panel for consideration until December 8, 2022. In re the Matter of the Civil Commitment of Rowland, A22-1089, Order (Minn. Ct. App. Sept. 14, 2022).

## II.     Rowland's Federal Habeas Corpus Petition

When Rowland was in the process of petitioning the SRB for a reduction in custody, he also filed the present federal habeas matter. In the Amended Petition,[2] Rowland makes the following claims for habeas relief:

(1) He was initially civilly committed as MI&D as a result of various due process violations because no one—including his lawyer, risk assessors, and medical professionals—properly investigated the November 2010 assault; instead, they incorrectly assumed that he held a knife to his brother's throat and at Ms. Manthy's chest during this alleged assault. Further, the original assessor involved in his initial commitment proceedings failed to adequately take into consideration his drug use—both prescribed and over-the-counter medication—at the time of the November 2010 incident involving the knife. According to Rowland, absent this allegedly incorrect information he could not have been—and could not continue to be—committed as MI&D as a matter of Minnesota state law;

(2) Had the circumstances surrounding the alleged November 2010 assault been properly known/investigated, he would not have met the treatment criteria for FMHP and would have been sent to Anoka State Hospital for treatment;

(3) The initial commitment process violated his due process rights because no one, including his lawyer, the prosecutor, and the psychologists/assessors, attempted to verify the facts surrounding his criminal charges before proceeding with the MI&D commitment;

(4) The claims raised in his Rule 60.02 motion should not be time-barred because he is a vulnerable adult representing himself pro se;

(5) Minnesota civil commitment statutes discriminate against the mentally ill, thereby violating his constitutional right to due process, right to equal protection under the law, and right to be free from cruel and unusual punishment; and

---

[2] Rule 12 of The Rules Governing § 2254 Cases in the District Courts read together with Rule 15 of the Federal Rules of Civil Procedure dictates that Rowland's Amended Petition, [Docket No. 12], is the operative pleading in this case.

(6) He should be discharged from his civil commitment and the order denying his most recent request for discharge cites insufficient reasons for continuing his commitment.

(See Amended Petition [Docket No. 12] at 8–13).

Rowland requests "an evidentiary hearing with an attorney, or an appeal for a discharge or vacation of the commitment." (Id. at 13).

### III. Legal Analysis

This Court finds that these claims for relief are either (1) not cognizable as federal habeas claims; (2) time-barred, or (3) unexhausted. Each category of claims is addressed, in turn, below.

**A. Cognizability.**

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). If a petitioner "is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." Id.

Rowland contends in claim (2) that he does not meet the treatment criteria for his current placement at FMHP; rather, he claims he should have been committed to the Anoka State Hospital. (Amended Petition [Docket No. 12] at 10). At bottom, this claim concerns the nature and extent of his treatment while in custody pursuant to the indeterminate commitment order. Thus, this claim does not concern the fact or duration of his confinement, but, rather, the conditions of it. As such, claim (2) is not cognizable as a federal habeas claim.

This Court notes that in his supplemental filings, Rowland claims that FMHP is violating his constitutional rights by failing to provide him with adequate access to legal resources. (Notice of Motion and Motion for Counsel [Docket No. 17] at 2). Although this claim is not properly before this Court because Rowland has not requested permission to further amend his petition, see Fed. R. Civ. P. 15(a)(2), this Court will nevertheless consider this claim in the interests of justice.

This claim, however, again concerns his conditions of confinement—specifically, whether FMHP has infringed on his constitutional right to access to the courts. Such a claim is more appropriately characterized as a civil rights claim under 42 U.S.C. § 1983. See Gray v. McQilliams, 14 F. App'x 726, 727 (8th Cir. 2001). As such, it, too, is not cognizable as a federal habeas claim.

### B. Timeliness

Section § 2244(d) sets forth a 1-year statute of limitations period for petitioners held pursuant to a state-court judgment to seek habeas relief. The limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Neither § 2244(d)(1)(B) nor § 2244(d)(1)(C) is relevant to Rowland's petition: Rowland does not claim that the State of Minnesota prevented him from seeking habeas relief, nor does he seek relief pursuant to a federal constitutional right newly recognized by the United States Supreme Court. Accordingly, this Court looks to § 2254(d)(1)(A) and § 2254(d)(1)(D) to determine when the 1-year period began to run on Rowland's habeas claims.

Under § 2244(d)(1)(A), the 1-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." As a preliminary matter, this Court must first identify the relevant judgment that triggers this 1-year limitations period. Undoubtedly, Rowland would contend that the 1-year period began to run after the entry of final judgment on his Rule 60.02 motion challenging the validity of his final commitment order, or February 7, 2022—90 days after the Minnesota Supreme Court denied Rowland's petition for further review as untimely and he could no longer seek a petition for a writ of certiorari from the United States Supreme Court. See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008). The entry of final judgment on Rowland's Rule 60.02 motion, however, is not the relevant judgment for the purposes of triggering the 1-year limitations period for habeas relief.

In Martin v. Fayram, 849 F.3d 691 (8th Cir. 2017), the United States Court of Appeals for the Eighth Circuit explained that the "most reasonable reading of [28 U.S.C. § 2244(d)] is that 'the judgment' described in subsection (d)(1)(A) is the same judgment described in section (d)(1), i.e., the judgment pursuant to which a petitioner is 'in custody.'" Id. at 696. In the present case, Rowland is "in custody" because of the initial civil commitment order from 2011, not the 2021 order denying his collateral attack on the validity of that order. Id. (explaining that habeas petitioners "are in custody because of the criminal convictions they challenge, not because of subsequent postconviction decisions"). Thus, the relevant judgment for the purposes of determining when the 1-year limitations period begins to run is the date of the final entry of judgment on the order for Rowland's indefinite civil commitment as mentally ill and dangerous.

Here, Rowland admits—and the publicly accessible Minnesota state court record system confirms—that he did not appeal the March 2011 MI&D indefinite commitment order. (See Amended Petition [Docket No. 12] at 1). Accordingly, the judgment became final on the day that

8

his deadline to do so expired on May 1, 2011. See Minn. R. App. P. 104.01 ("[A]n appeal may be taken from a judgment within 60 days after its entry . . . .").

In this case, the factual predicate of Rowland's claims alleging that the initial commitment procedure was invalid, e.g., claims (1), (3), and (5), would have been known to Rowland (or could have been through the exercise of due diligence) at the time of those proceedings. Rowland, however, initiated this federal habeas proceeding more than ten years after the civil commitment order became final.

This Court views Rowland's fourth claim for habeas relief—that this evidence should be considered "newly discovered"—as argument in support of his contention that the Court should determine that the 1-year statute of limitations started to run at a later date. Rowland's argument fails.

Rowland urges this Court to consider this evidence "newly discovered" because Rowland first spoke to Jase Rowland, his brother, and Kayla Manthy about the November 17, 2010, incident in September 2020, and he first read the police reports in 2021. (Amended Petition [Docket No. 12] at 5). Although this evidence may be "new" to Rowland, it is not "new" for the purposes of calculating when the 1-year limitations period begins to run. The test for newly discovered evidence is "whether the evidence could have been discovered earlier in the exercise of due diligence." Meadows v. Delo, 99 F.3d 280, 282 (8th Cir. 1996). Because the factual basis for this evidence existed at the time of the initial commitment hearing, it is not new. Id.

Accordingly, Rowland claims (1), (3), and (5)—for which the factual predicate was known or could have been known through the exercise of due diligence at the time the initial commitment order became final on May 1, 2011—are time-barred. Thus, Rowland's claims (1), (3), and (5) fail because they are untimely.

Rowland appears to argue that he should be excused from the timing requirement—or the Court should choose a later date from which the 1-year limitations period would begin to run—because he received ineffective assistance of counsel at his initial civil commitment proceedings, and he has been proceeding pro se since that time. As a matter of equity, courts may toll § 2244(d)(1)'s 1-year statute of limitations, see Holland v. Florida, 560 U.S. 631, 645 (2010), but "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 640. Further, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002).

Here, the Court finds no compelling reason to toll the 1-year limitations period for almost a decade. Even though Rowland has clearly been active as of late in challenging his indeterminate civil commitment, he offers no compelling explanation as to why he did not pursue legal remedies in the first instance. The factual predicate to a claim of ineffective assistance of counsel would have been known to Rowland through the exercise of reasonable diligence at the time of his initial commitment. Even if timeliness was not an issue, Rowland cannot claim ineffective assistance of counsel as a basis for federal habeas relief because this Court only as authority to consider claims that "the petitioner is in custody in violation of the [U.S.] Constitution or laws or treaties of the United States," see 28 U.S.C. § 2254, and there is no federal constitutional right to effective assistance of counsel in civil commitment proceedings. See Favors v. Jesson, No. 14-cv-3473 (JRT/LIB), 2015 WL 4919969, at *6–*7 (D. Minn. Aug. 12, 2015) (collecting cases); see also

United States v. Veltman, 9 F.3d 718, 721 (8th Cir. 1993) (recognizing only a statutory right to counsel in a civil commitment proceeding as opposed to a constitutional right).

Rowland also contends that he should be excused from the 1-year limitation period because he is "actually innocent" of the charges stemming from the November 17, 2010, incident that prompted the original civil commitment proceedings. (Amended Complaint [Docket No. 12] at 3). Actual innocence alone, however, is insufficient to justify equitable tolling. Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002). "For such a claim to be viable . . . a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Id. Setting aside the fact that the record shows that the charges against Rowland were dismissed after the state court ordered his indeterminate civil commitment as MI&D, see In re Matter of the Civil Commitment of Rowland, A20-1546, 2021 WL 3136397, at *1 n.1 (Minn. Ct. App. July 26, 2021), in the Court's view, Rowland has fallen well short of demonstrating that a reasonably diligent petitioner could not have discovered the factual predicate of his claims within the 1-year time period for requesting federal habeas relief. Nor is it sufficient that Rowland is a non-lawyer proceeding pro se. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

Finding no grounds to toll the limitations period, this Court turns to Rowland's final claim for habeas relief—claim (6), which relates to his most recent petition for a reduction in custody. Because the factual predicate of this claim arguable arose after his initial commitment, the claim

11

satisfies § 2244(d)'s 1-year statute of limitations. Because Rowland failed to exhaust state court remedies with respect to this claim, however, this Court recommends that this claim be dismissed.

### C. Exhaustion

A federal court generally cannot grant a habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Here, Rowland clearly has not exhausted the claims related to his most recent petition for discharge, provisional discharge, and release because this matter is pending with the Minnesota Court of Appeals. In re the Matter of the Civil Commitment of Rowland, A22-1089, Order (Minn. Ct. App. Sept. 14, 2022). Moreover, if he is unsuccessful at the Minnesota Court of Appeals, he will not have exhausted these claims in state court until he petitions the Minnesota Supreme Court for further review of an adverse court of appeals decision. See, e.g., Latimer v. Smith, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018). Because Rowland has clearly not exhausted state remedies with respect to this claim, this Court recommends that the claim be dismissed.

Rowland appears to argue that he should be excused from first exhausting state court remedies because there is no state court process to challenge his initial commitment. (See Amended Petition [Docket No. 12] at 3). Rowland argues that he only recently became aware of the commitment appeal panel (CAP), but that CAP does not have the authority to consider the basis for the initial commitment. Id. Although Rowland acknowledges that he did not file a direct appeal of the initial commitment order, he contends that his attorney advised him that no appeal was available to him. Id.

The Court finds Rowlands arguments to be unpersuasive. Although a petitioner can be excused from exhausting state court remedies where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), the present case does not present any such circumstance. As Rowland acknowledges, there is a corrective process to related to his initial commitment proceeding, and Rowland has failed to present evidence demonstrating that said corrective process has been rendered ineffective.

Thus, for the reasons outlined above, this Court recommends that Rowland's habeas petition be dismissed without prejudice.

**D. IFP and Related Motions**

Having addressed Rowland's habeas petition, this Court turns now to the other motions Rowland has filed in this matter.

First, Rowland's Amended Petition is the operative pleading pursuant to Fed. R. Civ. P. 15(a) without any further order of the court. Thus, this Court recommends that Rowland's Notice of Motion and Motion to Substitute Petition, [Docket No. 11], be denied as moot.

Second, since this Court is recommending that Rowland's Amended Petition be dismissed without prejudice, the Court need not consider his IFP applications. (See IFP Applications [Docket Nos. 6, 13]). Accordingly, this Court further recommends that Rowland's IFP applications be denied as moot. Similarly, finding no hearing necessary, this Court recommends that Rowland's motion for an evidentiary hearing, [Docket No. 23], be denied as moot.

Third, because Rowland has complied with this Court's order to show cause, it recommends that Rowland's Motion, [Docket No. 19], seeking to extend the time to respond to said Order to show cause be denied as moot.

Fourth, it is recommended that Rowland's motions for appointment of counsel be similarly denied. [Docket Nos. 17, 20]. As noted above, Rowland does not have a constitutional right to counsel in these habeas proceedings. See, e.g., Favors v. Jesson, No. 14-cv-3473 (JRT/LIB), 2015 WL 4919969, at *6–*7 (D. Minn. Aug. 12, 2015) (collecting cases); United States v. Veltman, 9 F.3d 718, 721 (8th Cir. 1993). Further, it is unlikely that counsel would be able to aid Rowland in this habeas matter because his habeas petition fails for the reasons outlined above.

Fifth, are Rowland's Motion for a "favorable" decision. In this Motion, [Docket No. 25], Rowland merely asks the Court to grant his Amended Petition. Because this Court recommends that the habeas petition be dismissed without prejudice, this Court further recommends that these Motions be denied as moot. Similarly, it is recommended that Rowland's Motion seeking an expansion of the length limitations imposed on memoranda, [Docket No. 2], be denied as moot.

Sixth, it is recommended that Rowland's motion to be moved to a different facility be denied. [Docket No. 30]. Having recommended that Rowland's federal habeas corpus petition be dismissed without prejudice, this Court has no authority to order Rowland's transfer.

### E. Certificate of Appealability

Finally, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of appealability not be issued in this matter. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Accordingly, this Court recommends that Rowland's Notice of Motion and Motion, [Docket No. 3], requesting to mail only a single copy of his petition, brief, and related documents to the Eighth Circuit be denied as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254, [Docket No. 12], be **DISMISSED without prejudice**;

2. Petitioner's Motion for a Brief Length Extension, [Docket No. 2], be **DENIED as moot**;

3. Petitioner's Notice of Motion and Motion for a Single Copy of Petition and Related Documents to be transmitted to the Court of Appeals, [Docket No. 3], be **DENIED as moot**;

4. Petitioner's IFP Application, [Docket No. 6], be **DENIED as moot**;

5. Petitioner's Notice of Motion and Motion to Substitute Petition, [Docket No. 11], be **DENIED as moot**;

6. Petitioner's second IFP Application, [Docket No. 13], be **DENIED as moot**;

7. Petitioner's Motion for Appointment of Counsel, [Docket No. 17], be **DENIED**;

8. Petitioner's Motion for an Extension of Time, [Docket No. 19], be **DENIED**;

9. Petitioner's second Motion for Appointment of Counsel, [Docket No. 20], be **DENIED**;

10. Petitioner's Notice of Motion and Motion for an Evidentiary Hearing, [Docket No. 23], be **DENIED as moot**;

11. Petitioner's Motion for the Case to Be Found Favorable, [Docket No. 25], be **DENIED as moot**;

12. Petitioner's Motion to Be Moved to Federal Prison, Hospital, or Other Facility, [Docket No. 30], be **DENIED**; and

13. No certificate of appealability be issued.


Dated: October 14, 2022                    s/Leo I. Brisbois
                                           Hon. Leo I. Brisbois
                                           United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).